[Cite as *In re Glass*, 2010-Ohio-6704.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: CHARLENE M. GLASS

CHARLENE M. GLASS

      Applicant

Case No. V2010-50256

Commissioners:
Gregory P. Barwell, Presiding
Elizabeth Luper Schuster
Susan G. Sheridan

## ORDER OF A THREE-COMMISSIONER PANEL

{¶1}On September 29, 2009, the applicant filed a compensation application asserting that on a daily ongoing basis she was the victim of illegal forcible entry into her apartment, tampering with private information, and intimidation. On December 15, 2009, the Attorney General issued a finding of fact and decision denying the applicant's claim based on her failure to report the criminal incidents to law enforcement as is required by R.C. 2743.60(A). Furthermore, the Attorney General could find no record that the incidents were ever reported to police. On December 21, 2009, the applicant submitted a request for reconsideration. On February 24, 2010, the Attorney General rendered a Final Decision reiterating its position concerning the lack of reporting of the alleged incidents to police, and also asserting that the applicant has failed to prove, by a preponderance of the evidence, that she was a victim of criminally injurious conduct. On March 2, 2010, the applicant filed a notice of appeal from the February 24, 2010 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on May 19, 2010 at 10:20 A.M.

{¶2}On May 3, 2010, the Attorney General filed a motion for leave to file a brief after the order date.       {¶3}For hearing purposes only claim numbers V2010-50183, V2010-50191, V2010-50248, V2010-50256, and V2010-50264 were heard concurrently. The applicant did not appear at the hearing, while Assistant Attorney General Jason Fuller appeared on behalf of the state of Ohio.  The Attorney General made a brief statement for the panel's consideration.  With respect to claims V2010-50183, V2010-50191, V2010-50248, and V2010-50256, the Attorney General stated that the issues were failure to prove the occurrence of criminally injurious conduct, failure to timely or ever report the alleged incidents, failure to prove the applicant incurred economic loss and res judicata.  The Attorney General related the applicant has filed 76 compensation applications and 15 appeals to the panel of commissioners.  The Attorney General asserts all subsequent applications emanate from claim number V2005-80321, a rape incident.  However, the panel denied that claim.  While the Attorney General concedes that the applicant has alleged different criminal incidents involving different offenders, it is the Attorney General's contention that all subsequent applications relate to the rape incident.  Finally, the applicant has failed to prove by a preponderance of the evidence that she was a victim of crime, that she reported the incidents in a timely manner or at all, or that she suffered any economic loss.  The Attorney General cites *In re Krohn* (1989), 61 Ohio Misc. 2d 473 as authority to deny future claims based on this incident pursuant to the doctrine of res judicata. Whereupon, the hearing was concluded.

{¶4}From review of the file and with full and careful consideration given to the statement of the Attorney General, we find the applicant has failed to prove, by a preponderance of the evidence, that she was a victim of criminally injurious conduct as defined by R.C. 2743.51(C), that she reported the alleged criminal incidents to law enforcement as is required by R.C. 2743.60(A), or that she incurred economic loss as

defined by R.C. 2743.51(E). However, we cannot find that the doctrine of res judicata is applicable in this case. In *In re Krohn*, the incident (an automobile collision), the expenses, and the offender were all the same in both claims filed. The single commissioner in that case determined due to every element of the two claims being identical the doctrine of res judicata should apply. However, in the case at bar a comparison of claims V2010-50183, V2010-50191, V2010-50248, and V2010-50256 establishes that they involve different alleged offenders and different criminal violations asserted. Therefore, we find res judicata should not be applied.

{¶5}Accordingly, the Attorney General's decision of February 24, 2010 shall be affirmed on the basis of failure to prove criminally injurious conduct and failure to timely report the incidents to police.

IT IS THEREFORE ORDERED THAT

{¶6}1) The Attorney General's May 3, 2010 motion is GRANTED;

{¶7}2) The February 24, 2010 decision of the Attorney General is AFFIRMED;

{¶8}3) This claim is DENIED and judgment is rendered for the state of Ohio;

{¶9}4) Costs are assumed by the court of claims victims of crime fund.

_____

GREGORY P. BARWELL
Presiding Commissioner



_____

ELIZABETH LUPER SCHUSTER
Commissioner



_____

SUSAN G. SHERIDAN
Commissioner

ID #I:\VICTIMS\2010\50256\V2010-50256.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:


Filed 7-16-10
Jr. Vol. 2276, Pgs. 5-8
Sent to S.C. Reporter 8-5-11